No. 11,044.

THE STATE OF LOUISIANA VS. BAT VAUGHN.

1. In case evidence is admitted to the jury over the defendant's objection, in reference to the larceny of goods which are not specially mentioned in the indictment, the verdict will not set same aside on that account, if there appears to be no doubt of the larceny of the goods mentioned having been established at a time when the accused was the burglarious occupant of the premises upon which the larceny was effected.

2. Proof that another person has been or is being prosecuted for the same offence is incompetent and inadmissible, inasmuch as it does not go to the question of the previous acquittal or conviction of the accused.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. Buckner, J.

W. H. Rogers, Attorney General, for the State, Appellee.

T. A. Moore, Wm. Duncan and L. E. Droz, for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. The defendant prosecutes this appeal from a verdict

State vs. Vaughn.

and judgment convicting him of burglary and grand larceny, under which he was sentenced to one year's imprisonment at hard labor in the penitentiary, placing his reliance for relief, principally, upon two bills of exception reserved during the trial.

In this court the defendant's counsel filed an assignment of errors, viz.: (1) that the record does not show that the accused "was present in court during the entire trial" and when the verdict was rendered; (2) that the record does not show that the information was filed with leave of the court.

But, as no argument is presented in support of this assignment, these alleged errors may be considered to have been abandoned; and an examination of the record satisfies us that the claim is not meritorious.

With regard to the first bill of exception we find that the following is a fair statement of the question in dispute, viz.:

The information in one count charges the defendant with having burglariously entered the store and warehouse of Garig, Reddy & Co. in the night-time with intent to steal the goods and property of said firm; and, in another count, he is charged with having stolen while in said storehouse certain enumerated articles, the respective values of each being given in detail—it being concluded by the phrase "and other articles of merchandise of total value exceeding $100."

During the progress of the trial, evidence was offered on the part of the prosecution, and admitted to the jury over the objection of the defendant's counsel, and which was to the effect that the accused had stolen, on the occasion referred to, articles which were not specifically enumerated and described in the information.

The trial judge states that in his charge to the jury he explained to them fully that it was their duty to restrict their finding to the particular items set out in the information, and not to consider anything not therein mentioned; and to which charge the defendant made no objection.

As thus presented the question is somewhat *sui generis*.

There seems to be no doubt of the guilt of the accused, in so far as the larceny of the property that *is* described in the information is concerned; and, apparently, none of the burglarious entry of the accused.

Hence, it seems to us manifestly improper to set aside the verdict, conceding for the argument that the evidence complained of was incorrectly admitted.

It was doubtless on this theory that the judge gave the jury the instructions he did.

If the case were stripped of the features we have just alluded to, we should find no difficulty in reversing the verdict; but, under the circumstances, it is our opinion justice has been done; particularly, as the jury recommended the accused to the mercy of the court, and the judge only pronounced sentence against him of one year's imprisonment.

The case stated falls within that exceptional class of cases covered by State vs. McFarlan, 42 An. 803, though not predicated upon the same grounds as that case was.

The second bill of exceptions is clearly untenable, based as it is upon the trial judge's refusal to permit the defendant to prove that *other* parties had been contemporaneously *indicted* for the commission of the same crime as that which was charged against him.

It is not possible to perceive in what way such prosecutions could affect the prosecution against him. The State is certainly under no obligation to proceed against each one of several suspects, separately; nor does the fact that she has thus elected to proceed impair her right to proceed against others at the same time, or at a subsequent time.

The defendant's objection does not go to the question of the admissibility of evidence tending to prove *his* previous acquittal or conviction of the crime charged, and the evidence offered was clearly incompetent.

The defendant has failed to make out a case for relief.

Judgment affirmed.